BINGHAM MCCUTCHEN LLP
Donn P. Pickett (SBN 72257)
donn.pickett@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

BINGHAM MCCUTCHEN LLP
Marshall B. Grossman (SBN 35958)
marshall.grossman@bingham.com
Sara Jasper Epstein (No. 240577)
sara.epstein@bingham.com
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA 90404-4060
Telephone: 310.907.1000
Facsimile: 310.907.2000

Attorneys for Plaintiff
NeilMed Products, Inc.

REED SMITH LLP
Cynthia E. Kernick (PA No. 43912)
ckernick@reedsmith.com
Clay P. Hughes (PA No. 200033)
chughes@reedsmith.com
Reed Smith Centre, 225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone:   412.288.4176/3008
Facsimile:    412.288.3063

REED SMITH LLP
Christine Morgan (SBN 169350)
cmorgan@reedsmith.com
101 Second Street, 17th Floor
San Francisco, CA 94105-3659
Telephone:   415.659.5970
Facsimile:   415.391.8269

MURPHY PEARSON BRADLEY & FEENEY
Aaron K. McClellan
amcclellan@mpbf.com
James Francis Monagle
jmonagle@mpbf.com
88 Kearny Street, Suite 1000
San Francisco, CA 94108
Telephone:   415.788.1900
Facsimile:   415.393.8087

Attorneys for Defendant
TechWorld Corporation, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEILMED PRODUCTS, INC. dba NEILMED PHARMACEUTICALS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> TECHWORLD CORPORATION, INC., a Nevada corporation, and DOES 1-10 inclusive, <br><br> Defendant. | Case No.: 4:10-cv-04330-PJH <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

A/73664643.1

1 | **STIPULATED PROTECTIVE ORDER**

2 | Discovery sought by the parties in the above-captioned case may involve the production

3 | of documents and things containing confidential information and witnesses whose testimony

4 | may concern matters that are of a confidential nature. For good cause shown, pursuant to

5 | Federal Rules of Civil Procedure 26(c) and 29, and pursuant to stipulation of plaintiff and

6 | counterclaim-defendant NeilMed Products, Inc. d/b/a NeilMed Pharmaceuticals, Inc

7 | ("NeilMed") and defendant and counterclaimant TechWorld Corporation, Inc. ("TechWorld"),

8 | by and through their respective counsel of record, **IT IS HEREBY ORDERED THAT:**

9 | 1.  Certain discovery and/or testimony in this case is likely to involve materials

10 | which constitute, contain, or reveal proprietary or confidential information of a business and/or

11 | financial nature concerning NeilMed and TechWorld. The unauthorized release of any such

12 | information could cause particular, significant harm to the parties and non-parties.

13 | 2.  As used herein, "Confidential Information" means information in written, oral,

14 | electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information

15 | contained in a document, information revealed during deposition, information revealed in an

16 | interrogatory answer or otherwise, (a) which constitutes or contains trade secret or other

17 | confidential or proprietary research, development, or commercial information that has not been

18 | made public, and (b) the disclosure of which information may have the effect of harming the

19 | competitive position of the producing party or violating an obligation of confidentiality to a third

20 | person.

21 | 3.  All documents or information designated as Confidential Information shall bear

22 | the designation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." A

23 | designation of a document or information as "CONFIDENTIAL" shall be made in good faith and

24 | on the basis that the document or information so designated represents non-public confidential or

25 | proprietary business and/or financial information of the party making the designation. A

26 | designation of material as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be made in

27 | good faith and on the basis that the document or information so designated represents non-

28 |

A/73664643.1

1

1   public, highly confidential or proprietary business information, or extraordinarily sensitive

2   confidential or proprietary technical information.

3       4.      Documents or information which a party deems to be Confidential Information

4   shall be so designated at the time the party or non-party produces it, at the time the testimony is

5   given, or within ten (10) business days of receiving a transcript of a deposition containing

6   Confidential Information.  If documents are produced for inspection, no designation need be

7   made before or during the production by inspection, and such documents shall be deemed

8   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" during the inspection and until such time as

9   the producing party provides a different designation.  The parties may agree to modify these

10  deadlines by agreement in order to facilitate discovery.  In the event that a party or non-party

11  discovers that it inadvertently produced material that it should have designated as Confidential

12  Information, the party may so designate such material as Confidential Information, by providing

13  proper notice, and any such material so designated shall be deemed as having been designated as

14  Confidential Information, from the time such notice is received.  Disclosure of Confidential

15  Information, information to persons not authorized to receive such information prior to this

16  receipt of notice will not be deemed a violation of this Order, however, those persons to whom

17  disclosure was made are to be advised that the material disclosed is Confidential Information,

18  and must be treated in accordance with this Order.

19      5.      Except as otherwise agreed, all Confidential Information produced during

20  discovery, including deposition transcripts, documents (produced pursuant to document requests,

21  subpoenas, or otherwise), interrogatory answers, and Confidential Information produced or

22  created in the course of this litigation, shall be used solely for the purpose of this litigation, and

23  shall not be used for any other purpose, including any business or competitive purpose, or in any

24  other litigation or legal proceeding.

25      6.      If any party objects to the designation of any material or information as

26  Confidential Information, the objecting party shall inform the party so designating the material,

27  in writing, that it should not be so deemed.  If after reasonable efforts the parties cannot resolve

28  their differences concerning the designation of material as Confidential Information any party

A/73664643.1                                      2

1    may seek an order from this Court determining whether the material should be deemed

2    Confidential Information.  The party designating the information or material as Confidential

3    Information shall bear the burden of proof in any such proceeding.  Any material designated as

4    Confidential Information, shall continue to have such status until the parties agree otherwise in

5    writing, or until the Court rules that the material shall not be deemed Confidential Information,

6    information.

7        7.       Except as provided otherwise herein, Confidential Information may only be

8    reviewed by or disclosed to a "Qualified Person."

9        8.       As used herein, the term Qualified Person with respect to documents or

10   information designated as "CONFIDENTIAL" shall be limited to: (a) this Court and its staff; (b)

11   outside trial counsel for the parties (including associate counsel and clerical, secretarial,

12   paralegal and support staff); (c) the parties, including in-house counsel (except that Confidential

13   Information and documents shall be disclosed only to those employees or members of a party

14   who must be shown the Confidential Information or documents on a need-to-know basis for such

15   party to prepare or explain its case or defenses in this action); (d) experts and consultants not

16   regularly employed by a party but retained by any party to assist  or participate in this litigation;

17   (e) court reporters or other persons recording testimony or arguments in this matter; and (f) any

18   other person designated by written agreement of the parties or order of the Court after notice to

19   all parties.

20       9.       As used herein, the term Qualified Person with respect to documents or

21   information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited

22   to: (a) this Court and its staff; (b) outside trial counsel for the parties (including associate counsel

23   and clerical, secretarial, paralegal and support staff); (c) in-house counsel of the parties; (d)

24   experts and consultants not regularly employed by a party but retained by any party to assist or

25   participate in this litigation; (e) court reporters or other persons recording testimony or

26   arguments in this matter; and (f) any other person designated by written agreement of the parties

27   or order of the Court after notice to all parties.

28

A/73664643.1                                    3

1       10.    Confidential Information may be disclosed to a Qualified Person only if such

2  Qualified Person executes the Acknowledgment To Be Bound By Protective Order attached

3  hereto as Exhibit A, which shall be provided to the parties upon execution.  Counsel wishing to

4  disclose such information to such a Qualified Person shall first provide the producing party with

5  written notice of such intent no less than five (5) business days prior to such disclosure, together

6  with a copy of such Qualified Person's C.V. or similar document.  If the producing party objects

7  within such five (5) day period, no disclosure to such Qualified Person shall be made unless: (a)

8  permitted by Order of the Court; or (b) agreed to in writing between the producing party and

9  disclosing party.  The party objecting to disclosure to such Qualified Person shall bear the burden

10  to show that such disclosure is likely to cause actual competitive harm to the objecting party.

11       11.    Nothing contained herein shall prevent any party, non-party, or its counsel from

12  disclosing its own Confidential Information as it deems appropriate.

13       12.    Nothing contained herein shall bar or otherwise restrict an attorney for a party

14  from rendering advice to his or her client with respect to this litigation by communicating with a

15  non-Qualified Person within the client and, in the course thereof, referring to or relying upon the

16  attorney's examination of Confidential Information, provided that such attorney shall not

17  disclose or relate any specific Confidential Information.

18       13.    Nothing contained herein shall be construed to prevent any person, including a

19  Qualified Person, from making use of Confidential Information that (a) was lawfully in his or her

20  possession prior to receipt from the disclosing party; (b) appears in any published material

21  available to the general public without fault of the disclosing party; (c) was or is hereafter

22  obtained from a source or sources not under an obligation of secrecy to the producing party or

23  parties without fault of the disclosing party; or (d) is exempted from this Protective Order by

24  written consent of the party designating the Confidential Information.

25       14.    To the extent that any party desires to file any document containing Confidential

26  Information under seal in this case, such party must comply with the Court's Standing Order for

27  Cases Involving Sealed or Confidential Documents, as well as Northern District of California

28  Civ. L.R. 79-5.

A/73664643.1

4

1    15.    The inadvertent or unintentional production by a party or non-party of any

2    privileged or otherwise protected information shall not be deemed a waiver or an impairment of

3    any claim of privilege or protection, including without limitation the attorney-client privilege and

4    the protection afforded by the attorney work-product doctrine.  Within five (5) business days

5    after receiving written notice from a producing party that privileged information, including

6    copies or summaries thereof, has been inadvertently produced, the party receiving such notice

7    shall return all such privileged information to the producing party and, if a document, all copies

8    of that document shall be destroyed.  A party that returns privileged information after receipt of

9    notice may retain information not claimed to be privileged that is sufficient to identify the

10   document or other information that it returns (such as production numbers, document title and

11   the number of pages), but may do so solely for the purpose of promptly challenging the

12   privileged status and/or inadvertent waiver status of the document or information.  This

13   paragraph shall not prejudice the right of any party to challenge a producing party's claim that

14   information is privileged on any grounds.

15    16.    Upon termination of this litigation and at the request of the designating party,

16   each person or party to whom Confidential Information has been furnished or produced shall be

17   obliged to return the Confidential Information, including any copies.  In lieu of returning the

18   Confidential Information, and only if the designating party agrees, the Confidential Information

19   may be shredded or destroyed in a similar destructive manner, provided that said destruction is

20   verified by an affidavit provided to the designating party.  Notwithstanding the above, outside

21   trial counsel for the parties may retain one copy of all pleadings for their respective files.

22    17.    Insofar as this Protective Order restricts the communication and use of documents

23   or information produced hereunder, this Protective Order shall continue to be binding after the

24   termination of this litigation.

25    18.    The attorneys of record may modify any terms of this Protective Order by written

26   agreement provided that such modifications are filed with the Court.  Nothing in this Protective

27   Order shall be deemed to preclude any party or non-party from seeking and obtaining, on an

28   appropriate showing and after attempting to obtain agreement by any opposing party,

A/73664643.1                                    5

1  modification of this Protective Order with respect to the confidentiality of documents or other

2  material.

3       Respectfully submitted this 11th day of February, 2011.

4

5  SO ORDERED THIS ___15th___ DAY OF __February_____, 2011

6

7  Phyllis J. Hamilton

8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/73664643.1                                              6

1    AGREED AND CONSENTED TO BY:

2    /s/ Marshall B. Grossman                    /s/ Cynthia E. Kernick
     Donn P. Pickett                             Cynthia E. Kernick
3    Bingham McCutchen LLP                        Clay P. Hughes
     Three Embarcadero Center                     Reed Smith LLP
4    San Francisco, CA  94111-4067                Reed Smith Centre
     Telephone:  415.393.2000                     225 Fifth Avenue, Suite 1200
5    Facsimile:  415.393.2286                     Pittsburgh, PA  15222-2716
                                                  Telephone:  412.288.4176/3008
6    Marshall B. Grossman                         Facsimile:  412.288.3063
     Sara Jasper Epstein
7    The Water Garden                             Christine Morgan
     Fourth Floor, North Tower                    Reed Smith LLP
8    1620 26th Street                             101 Second Street, 17th Floor
     Santa Monica, CA  90404-4060                 San Francisco, CA  94105-3659
9    Telephone:  310.907.1000                     Telephone:  415.659.5970
     Facsimile:  310.907.2000                     Facsimile:  415.391.8269
10
     Counsel for Plaintiff                        MURPHY PEARSON BRADLEY & FEENEY
11   NeilMed Products, Inc.                       Aaron K. McClellan
                                                  James Francis Monagle
12                                                88 Kearny Street, Suite 1000
                                                  San Francisco, CA 94108
13                                                Telephone:    415-788-1900
                                                  Facsimile:    415-393-8087
14
                                                  Counsel for Defendant
15                                                Techworld Corporation, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEILMED PRODUCTS, INC. dba NEILMED PHARMACEUTICALS, INC., a California corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>TECHWORLD CORPORATION, INC., a Nevada corporation, and DOES 1-10 inclusive,<br><br>       Defendants. | Case No.: 4:10-cv-04330-PJH |

## <u>ACKNOWLEDGMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, have received a copy of, read, and understand the attached Stipulated Protective Order, and I agree to abide fully by its terms.

Date: _____        _____
                                         Signature

A/73664643.1

8

[PROPOSED] STIPULATED PROTECTIVE ORDER